IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DURNYA,<br><br>　　　　　　Plaintiff,<br>　　vs.<br>DEPT. OF CORRECTION, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. CV F 06-0767 AWI LJO<br><br>ORDER TO PAY FILING FEE<br>(Doc. 4.) |

  On June 16, 2006, pro se plaintiff John Durnya ("plaintiff") filed with this Court his Application to Proceed without Prepayment of Fees and Affidavit ("application") to request to proceed without prepayment of the $350 filing fee or costs under 28 U.S.C. § 1915.  Plaintiff's application indicates that his salary exceeds $2,000 monthly and that he has more than $20,000 in assets.

  Filing fees are addressed by 28 U.S.C. § 1914(a) which provides the "clerk of each district court shall require the parties instituting any civil action, suit or proceeding, in such court . . . to pay a filing fee . . ." and which is $350 for civil actions in this Court.  This Court's Local Rule 77-121(c) provides in pertinent part: "[T]he Clerk shall not file any paper, issue any process, or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States unless the fee is prepaid."  A person may be allowed to proceed with a civil action without paying a filing fee upon submission of an affidavit stating he/she is unable to pay such fee, the nature of the action and the belief he/she is entitled to redress.  28 U.S.C. § 1915(a)(1); *Rowland v. California Men's Colony*, 506 U.S. 194, 201, 113 S.Ct. 716, 720-721 (1993).

The affidavit required under 28 U.S.C. §1915(a) has been described as an "allegation of poverty." *Rowland*, 506 U.S. at 203, 113 S.Ct. at 722. In *Rowland,* 506 U.S. at 203, 113 S.Ct. at 722, the United States Supreme Court noted in reference to an application for in forma pauperis status:

> Poverty, in its primary sense, is a human condition, to be "[w]anting in material riches or goods; lacking in the comforts of life; needy," Webster's New International Dictionary 1919 (2d ed. 1942) . . . As we first said in 1948, "[w]e think an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs ... and still be able to provide' himself and dependents 'with the necessities of life.' " *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43.

Plaintiff's application indicates he neither lacks in the comforts of life nor is needy. His monthly income exceeds $2,000, and he holds assets exceeding $20,000. Plaintiff is not poverty-stricken. If plaintiff is earnest in pursuing his claims, he appears to have the ability to pay the filing fee, waiver of which is reserved for the truly needy. Moreover, based on plaintiff's complaint, plaintiff appears to attempt to take advantage of cost-free filing to vex defendants.

Accordingly, on the basis of good cause, this Court:

1. DENIES plaintiff's application to proceed without prepayment of fees; and
2. ORDERS plaintiff, no later than July 3, 2006, to pay the $350 filing fee.

**Plaintiff is admonished that this Court will take no action regarding his claims until he pays the $350 filing fee and that this Court will dismiss this action if plaintiff fails to timely comply with this order.**

IT IS SO ORDERED.

**Dated:    June 19, 2006**                                  /s/ Lawrence J. O'Neill
66h44d                                                                UNITED STATES MAGISTRATE JUDGE