1

2

3

4

5

6

7

8

9             **IN THE UNITED STATES DISTRICT COURT**

10           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12 JOHN DURNYA,                      CASE NO. CV F 06-0767 AWI LJO

13            Plaintiff,                  **FINDINGS AND RECOMMENDATIONS TO**

14     vs.                               **DISMISS ACTION**

15 DEPT. OF CORRECTION, et al.,

16            Defendants.

17                                 /

18                            **INTRODUCTION**

19        On June 16, 2006, pro se plaintiff John Durnya ("plaintiff") filed with this Court his Application

20 to Proceed without Prepayment of Fees and Affidavit ("application") to request to proceed without

21 prepayment of the $350 filing fee or costs under 28 U.S.C. § 1915. Plaintiff's application indicates that

22 plaintiff is not poverty stricken and has more than $20,000 in assets.

23        This Court's June 19, 2006 order denied plaintiff's application to proceed without prepayment

24 of fees and required plaintiff, no later than July 3, 2006, to pay the $350 filing fee. The order

25 admonished plaintiff "**that this Court will take no action regarding his claims until he pays the $350**

26 **filing fee and that this Court will dismiss this action if plaintiff fails to timely comply with this**

27 **order.**"

28        Plaintiff failed to timely comply with the order to pay the filing fee.

1

## BACKGROUND

### Disobedience Of Order

This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)  (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or to comply with local rules or lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24;  *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as plaintiff has not advanced this action with his unexplained failure to pay the filing fee.  The third factor --  risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure

1  to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.

2  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.  This Court's

3  June 19, 2006 order admonished plaintiff "**that this Court will take no action regarding his claims**

4  **until he pays the $350 filing fee and that this Court will dismiss this action if plaintiff fails to**

5  **timely comply with this order.**"  (Bold in original.)  Thus, plaintiff received adequate warnings that

6  dismissal would result from noncompliance with this Court's order and failure to pay the filing fee and

7  to prosecute this action.  Quite simply, plaintiff has failed to comply with this Court's order and to

8  meaningfully and intelligently respond to it.

9  ## CONCLUSION AND RECOMMENDATION

10       Accordingly, this Court RECOMMENDS to DISMISS this action without prejudice  on grounds

11  that plaintiff has disobeyed this Court's order to pay the filing fee and has failed to meaningfully and

12  intelligently respond to the order and to prosecute this action.

13       These findings and recommendations are submitted to the United States district judge assigned

14  to this action pursuant to 28 U.S.C. § 636(b)(l) and this Court's Local Rule 72-304.  No later than July

15  17, 2006, plaintiff may file written objections with the Court and serve a copy on all parties and the

16  magistrate judge in compliance with this Court's Local Rule 72-304(b).  Such a document should be

17  captioned "Objections to Magistrate Judge's Findings and Recommendations." The district court will

18  then review the magistrate judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that

19  failure to file objections within the specified time may waive the right to appeal the district court's order.

20  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

21       IT IS SO ORDERED.

22  **Dated:    July 5, 2006**                    **/s/ Lawrence J. O'Neill**
23  66h44d                                        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

                                    3